UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA          :

    - v -                             :     09 Cr. 700 (AKH)

DAVID G. FRIEHLING,               :

                  Defendant.    :

-------------------------------------------------------------X


## GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS MOTION
## PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3663A(c)(3)


                                                PREET BHARARA
                                                United States Attorney
                                                Southern District of New York
                                                Attorney for the United States of America

LISA A. BARONI
JULIAN J. MOORE
MATTHEW L. SCHWARTZ
Assistant United States Attorneys

    - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA              :

       - v -                              :        09 Cr. 700 (AKH)

DAVID G. FRIEHLING,                   :

                       Defendant.           :

------------------------------------------------------------X

# GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS MOTION
# PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3663A(c)(3)

In connection with the sentencing of Bernard L. Madoff in 2009, the Government requested that the Court in Madoff's case forego restitution, and permit the Government instead to proceed via the well-established process of forfeiture and remission. After hearing from Madoff's victims and other interested parties, some of whom objected to the Government's request, Judge Chin granted the Government's motion. Since that time, the Government has collected billions of dollars in civil and criminal forfeiture, which it intends to distribute to victims of the fraud at Bernard L. Madoff Investment Securities ("BLMIS") through the process of remission.

Now, the Government respectfully requests that this Court make the same findings, in order to permit the orderly distribution of forfeited funds to the victims of Madoff's fraud without delaying the sentencing of other defendants who participated in the various frauds committed at BLMIS. The Government makes this motion now — though the defendant's cooperation is on-going, and his sentencing is not imminent — primarily for two reasons. *First*,

1

as explained in greater detail below, the Government is beginning the process of remission and seeks to clarify that *all* funds forfeited in connection with the massive fraud through BLMIS will be distributed through the remission process. *Second*, the first defendant other than Bernard Madoff — his brother, Peter — is about to be sentenced before the Honorable Laura Taylor Swain. The Government has therefore made similar motions before Judge Swain and Judge Sullivan (who is handling another cooperating defendant, Frank DiPascali, Jr.) in an attempt to resolve this issue in all pending cases simultaneously.

## **Applicable Law**

Restitution to persons "directly and proximately harmed" by fraud, such as the fraud perpetrated through BLMIS, is ordinarily mandatory. *See* 18 U.S.C. § 3663A(a)(1). In such a case, the Court is authorized to determine a restitution amount and a schedule of victims and payments at the time of sentencing. Although restitution and forfeiture are separate, and the Court may appropriately order a defendant to both disgorge his wrongful profits (forfeiture) and repay his victims (restitution), the Government is authorized to restore forfeited assets to victims by applying such funds to a restitution order entered as part of sentencing. *See* Slip Op., *United States v. Torres*, No. 11-1009-cr (2d Cir. Dec. 5, 2012) ("Restitution and forfeiture are authorized by different statutes and serve different purposes — one of remediating a loss, the other of disgorging a gain."); *United States v. Genova*, 333 F.3d 761 (7th Cir. 2003) ("Restitution is loss based, while forfeiture is gain based."); *see e.g., United States* v. *Samuel Israel*, 05 Cr. 1039 (CM) (Attorney General, at the request of the U.S. Attorney's Office, authorized forfeited funds to be applied to restitution order pursuant to Attorney General's discretionary authority under 21 U.S.C. § 853(i)).

There are cases, however, where the Court may determine that an order of restitution is not appropriate because the "number of identifiable victims is so large as to make restitution impracticable," or because the determination of complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process," 18 U.S.C. § 3663A(c)(3).  Where restitution is found to be impracticable, the Government is authorized to compensate victims through the process of remission authorized under the forfeiture statutes and related regulations.  Specifically, Title 21, United States Code, Section 853(i) authorizes the Attorney General to "grant petitions for mitigation or remission of forfeiture, restore forfeited property to victims, or take any other action to protect the rights of innocent victims which is in the interest of justice" and is not otherwise inconsistent with the forfeiture statutes.

The criteria used in deciding petitions for mitigation or remission of forfeiture for a victim of the offense underlying the forfeiture of property, or a related offense, are set forth in Title 28, Code of Federal Regulations, Part 9.  The victim must satisfactorily demonstrate that: (1) he or she incurred pecuniary loss of a specific amount; (2) the pecuniary loss was a direct result of the illegal act; (3) the victim did not knowingly contribute in, participate in, or benefit from, or act in a wilfully blind manner toward the commission of the offense; (4) the victim has not been compensated for the loss; and (5) the victim does not have recourse to other assets to obtain compensation.  28 C.F.R. §§ 9.2(v), 9.8(a).

It is the policy of the Department of Justice, consistent with the Crime Victims' Rights Act, to ensure that crime victims receive "full and timely restitution as provided in law." *See* 18

U.S.C. § 3771(c)(1).  Accordingly, when the Government seizes property in connection with a fraud case, the Government's goal is to forfeit the property and then, in remission proceedings administered by the Attorney General through his delegee, the Chief of the Asset Forfeiture and Money Laundering Section of the Department of Justice's Criminal Division,[1] to distribute funds to victims on a *pro rata* basis.

The petition for remission or mitigation process is well established.  The regulations set forth who is a qualified victim and under what circumstances a victim can recover.  The United States Attorney's Office and the investigating law enforcement agencies evaluate the petitions submitted by victims, verify the loss amounts they claim, and make a recommendation to AFMLS concerning the disposition of the petitions.[2]  In a multi-victim or complex case, the process of notifying potential victims, processing petitions, verifying losses, and recommending a distribution of available funds may be managed on behalf of the Department of Justice by a Special Master or trustee, as authorized by 28 C.F.R. § 9.9(c).

The DOJ regulations provide that in the event that "petitions cannot be granted in full due

---

[1]   *See* 28 C.F.R. § 9.1(b)(2) (delegating the authority of the Attorney General to grant petitions for remission or mitigation in criminal and civil judicial forfeitures to the chief of AFMLS); *see also* Attorney General Order No. 2088-97 (June 14, 1997) (delegating to the chief of the AFMLS the Attorney General's authority, pursuant to any civil or criminal forfeiture statute enforced or administered by the Department of Justice "to restore forfeited property to victims or take other actions to protect the rights of innocent persons in civil or criminal forfeitures that are in the interest of justice and that are not inconsistent with the provisions of the statute").

[2]   In a case where victims already have filed claims in a related proceeding, such as a bankruptcy or liquidation proceeding, AFMLS may accept other communications in place of actual petitions for remission.  For example, AFMLS could use the claim form submitted by a victim of the offenses to BLMIS's liquidating trustee to the extent it provides the information necessary for the remission determination.

to the limited value of the forfeited property," remission to multiple victims generally should be granted "on a pro rata basis." 28 C.F.R. § 9.8(e).  However, priority consideration may be given to particular victims in special cases, such as when "a particular victim is suffering an extreme financial hardship." 28 C.F.R. § 9.8(e)(2).  The decision as to which victims receive remission and in what amounts is within the sole discretion of the Attorney General, as determined by the Chief of AFMLS.

## Discussion

The Government respectfully submits that the Court should find that restitution under Section 3663A(c)(3) is impracticable due to the large number of victims and the complexity of determining each victim's losses.

There are thousands of potential victims of all of the crimes perpetrated through BLMIS and, during the fraud, Bernard L. Madoff and his co-conspirators solicited billions of dollars of funds over a period of decades.  In order to impose an appropriate restitution order, this Court would need to — at the time of sentencing — determine the identity of each of those victims and the amount of their losses.  That task is virtually impossible, among other reasons, because the liquidating trustee for BLMIS is making periodic disbursements to BLMIS's "customers" — a group that is likely substantially, but not necessarily exactly, identical to the population of victims — and thereby altering the amount of their losses.  An appropriate *pro rata* distribution scheme will necessarily need to take into account those payments, which remain ongoing.

Instead, the Government submits that the goal of victim compensation can be best addressed appropriately through the process of remission — a process that the Government has employed in other cases of large-scale fraud.  *See, e.g., In Re W.R. Huff Asset Management Co.,*

*LLC*, 409 F.3d 555, 563-64 (2d Cir. 2005) (prosecution of owners of Adelphia Communications Corp). In the Adelphia case, the Second Circuit upheld the District Court's finding that restitution was impracticable on the basis that "there are potentially tens of thousands of victims of the [ ] crimes. . . . [and] the amount of losses of those victims has not been established and doing so would indisputably take a great deal of time." *In Re W.R. Huff Asset Management Co., LLC*, 409 F.3d at 563.

As noted above, Judge Chin — after full notice and opportunity to be heard — previously concluded that restitution was impracticable in Madoff's case, and permitted the Department of Justice to proceed via the process of remission. A copy of that order is attached as Exhibit A. Since that time, the Government has forfeited billions of dollars through a variety of civil and criminal forfeiture proceedings, and has begun the process of remission. Specifically, the Government has initiated the process of selecting and engaging a new remission Special Master,[3] a process which we intend to complete as expeditiously as possible. Once the Special Master has been retained, the Government anticipates promptly establishing an internet-based claim form, through which victims may assert claims in the remission proceedings. By funneling all of the forfeited funds — funds forfeited from Madoff, from the defendant in this case, from the charged and cooperating defendants in the cases before Judge Swain and Judge Sullivan, and from the various civil forfeiture actions — into one pot, to be distributed through a single claims process, the Government believes that victims can most efficiently and fairly receive the money they are

---

[3] In its motion to forego restitution before Judge Chin, the Government indicated that it was considering retaining Irving Picard, the liquidating trustee for BLMIS, as remission Special Master. Indeed, it was that prospect that garnered the objections to the Government's motion. As the Government has announced, however, Mr. Picard has recently declined to serve as Special Master. *See* http://www.justice.gov/usao/nys/vw_cases/madoff.html.

due.

## CONCLUSION

As set forth above, the Government respectfully requests that the Court find that, pursuant to 18 U.S.C. § 3663A(c)(3), the determination of restitution is impracticable in this case and that the Government may proceed through the process of remission as authorized under the forfeiture statutes. 21 U.S.C. § 853(I); C.F.R. Part 9.  A proposed order is attached hereto as Exhibit B for the Court's consideration.

Dated:   New York, New York
         December 17, 2012

                                                    Respectfully submitted,

                                                    PREET BHARARA
                                                    United States Attorney
                                                    Southern District of New York

                                  By:   /s/ Matthew L. Schwartz
                                         LISA A. BARONI
                                         JULIAN J. MOORE
                                         MATTHEW L. SCHWARTZ
                                         Assistant United States Attorneys

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

UNITED STATES OF AMERICA              :

    - v -                                                      :      09 Cr. 213 (DC)

BERNARD L. MADOFF,                        :

         Defendant.                           :

---------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/24/09
```

      Upon the motion of the United States of America dated September 21, 2009, pursuant to Title 18, United States Code, Section 3663A(c)(3), it is found that the number of identifiable victims is so large as to make restitution impracticable, and it is further found that determining complex issues of fact related to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to the victims is outweighed by the burden on the sentencing process.

      It is hereby ORDERED

      1.    The Government's motion for a finding that restitution is impracticable is granted; and

      2.    The Government may proceed through the process of remission as authorized under the forfeiture statutes. 21 U.S.C. § 853(i); 28 C.F.R. Part 9.

Dated:    New York, New York
            September 24, 2009

SO ORDERED:

_____
HONORABLE DENNY CHIN
UNITED STATES DISTRICT JUDGE

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| - v - | :  09 Cr. 700 (AKH) |
| DAVID G. FRIEHLING, | : |
| Defendant. | : |

-------------------------------------------------------------X

Upon the motion of the United States of America, dated December 17, 2012, pursuant to Title 18, United States Code, Section 3663A(c)(3), it is found that the number of identifiable victims is so large as to make restitution impracticable, and it is further found that determining complex issues of fact related to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to the victims is outweighed by the burden on the sentencing process.

It is hereby ORDERED that:

1. The Government's motion for a finding that restitution is impracticable is granted; and

2. The Government may proceed through the process of remission as authorized under the forfeiture statutes.  21 U.S.C. § 853(i); 28 C.F.R. Part 9.

Dated: New York, New York
       December ___, 2012

                                                                                                            SO ORDERED:

                                                                                                            _____
                                                                                                             HON. ALVIN K. HELLERSTEIN
                                                                                                             UNITED STATES DISTRICT JUDGE